**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-2095**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

and

STATE OF NORTH CAROLINA,

Claimant - Appellee,

versus

ROBERT V. MATTHEWS,

Claimant - Appellant,

and

NORTH CAROLINA'S ORIGINAL COPY OF THE BILL OF
RIGHTS,

Defendant,

and

WAYNE PRATT, INCORPORATED,

Claimant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (CA-03-204-5-BO)

Argued:  May 24, 2006                    Decided:  June 22, 2006

Before WILKINS, Chief Judge, and WILLIAMS and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Michael Atwater Stratton, STRATTON FAXON, New Haven, Connecticut, for Appellant.  William Dale Talbert, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.  **ON BRIEF:** Joel T. Faxon, STRATTON FAXON, New Haven, Connecticut, for Appellant.  Roy Cooper, North Carolina Attorney General, Grayson G. Kelley, Chief Deputy Attorney General, Karen A. Blum, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Frank D. Whitney, United States Attorney, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert V. Matthews appeals a district court order awarding possession of a historic document to the State of North Carolina ("the State"). This award followed the United States' dismissal of a forfeiture action against the document and a remand from our prior decision instructing the district court to restore the parties to the status quo ante. We affirm.

I.

The facts and procedural history are fully set forth in our prior opinion, see United States v. Matthews (In re Matthews), 395 F.3d 477, 478-80 (4th Cir. 2005); we summarize them here. In February 2000, Wayne Pratt, Inc., a corporation owned by antiques dealer Wayne Pratt,[1] purchased a document believed to be one of the original copies of the Bill of Rights ("the document"). Matthews claims that he contributed half of the $200,000 purchase price as a "passive investor" in a venture by Pratt to buy and resell the document for profit. J.A. 700. The State, having learned of the document and believing it to be its missing copy of the Bill of Rights, contacted federal officials. In March 2003, federal agents seized the document during a staged purchase from Pratt in Pennsylvania. Pratt's attorney, John L. Richardson, was conducting

---

[1]We refer to Pratt and Wayne Pratt, Inc. collectively as "Pratt."

3

the transaction on Pratt's behalf and possessed the document when it was seized.

The United States subsequently brought a civil forfeiture action against the document in the Eastern District of North Carolina, and the document was delivered into the custody of the United States Marshal. Pratt, Matthews, and the State claimed ownership of the document; the United States took the position that the State was the legal owner. Pratt subsequently withdrew his claim and conveyed all his rights in the document to the State. The same day, the United States voluntarily dismissed the forfeiture action.

After the voluntary dismissal, the district court ruled that the State was the legal owner of the document. Matthews appealed, and we vacated the district court decision, holding that the district court lacked authority to adjudicate ownership rights in the document after the dismissal of the forfeiture action. See Matthews, 395 F.3d at 480-83. We determined that the district court should have instead restored the parties to the status quo ante. See id. at 483. We recognized, however, that the "status quo ante" might refer either to the situation that existed before the document was seized or to the situation existing after the document was seized but before the forfeiture action was filed. See id. We left this issue for the district court to decide on remand with input from the parties. See id. Specifically, we

instructed that "[i]f the district court determines that it must return the parties to the status quo ante that existed post-seizure but pre-complaint, the court should then turn to Matthews' motion for return of property"; and, "[i]n ruling on that motion, the court should consider whether it is best construed as a motion [for return of property] pursuant to Federal Rule of Criminal Procedure 41(g)." Id. Alternatively, we directed that "[i]f ... the district court concludes that it must return the parties to the status quo ante that existed before the document was seized, the court must then determine to whom the document should be returned." Id.

Discussing the second alternative, we declined to decide in the first instance to whom the document should be returned, noting the existence of "potential factual questions," including questions concerning the effect of Pratt's assignment of his interests in the document to the State. Id. at 484. Further, while expressing no opinion about whether the State might be entitled to possess the document, we explained that "the district court may properly consider the Pratt assignment in determining the pre-seizure status quo ante." Id. at 484 n.3. And, we instructed the district court to "consider the arguments of both Matthews and the State in resolving the right of possession issue." Id. Finally, we emphasized that "[w]hatever method the district court chooses [to restore the pre-seizure status quo ante] should fully preserve the

5

parties' ability to pursue their ownership claims in other proceedings." Id. at 484.

On remand, the district court conducted a hearing at which Matthews and the State presented arguments concerning the issues left open by our prior opinion. Thereafter, the district court determined that it was appropriate to return the parties to the pre-seizure status quo ante. Following this approach, the court explained that, "considering only the superior possessory interest at the time immediately [before] the seizure, the document would be returned to Richardson," who possessed it on Pratt's behalf. J.A. 1684. But, noting our instruction to consider the Pratt assignment, the district court found that "the assignment was a distinct legal transaction from the civil forfeiture proceedings, the validity of which is not dependant upon the existence of the forfeiture proceedings." Id. at 1685. The district court thus concluded that "any interest which Richardson [and] Pratt ... [had] in the Bill of Rights, including any possessory interest, passed to the State ... and was not affected by the voluntary dismissal." Id.

Further, the district court rejected Matthews' claim that he, too, had a possessory interest in the document because he provided half the purchase money. Based on the record, the court found that Matthews never possessed the document and therefore that "despite any ownership interest, Matthews cannot demonstrate a basis for a

6

possessory interest in the document at the time of the <u>status quo ante</u>." <u>Id.</u> at 1685-86. Accordingly, the district court ordered that the document be returned to the State. Soon thereafter, the document was delivered to the Governor of North Carolina.

## II.

Matthews contends that the district court erroneously concluded on remand that the State was entitled to possess the document following the dismissal of the forfeiture action.[2] Matthews maintains that he acquired at least a one-half possessory interest in the document by providing half the purchase money for it. In particular, he argues that his purchase money contribution created a resulting trust in his favor. <u>See</u> <u>Restatement (Third) of Trusts</u> § 9(1) (2003) (providing that "where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid").

We conclude that the district court did not err. Matthews' argument that he is the beneficiary of a resulting trust overlooks the limited nature of our instructions to the district court on remand. While a resulting trust relates to ownership rights in property, <u>see</u> Ronald Chester et al., <u>Bogert's Trusts and Trustees</u>

---

[2]The parties do not challenge the decision by the district court to restore the pre-seizure <u>status quo ante</u>.

7

§ 465 (3d ed. 2005), our prior opinion expressly foreclosed any determination of ownership on remand, see Matthews, 395 F.3d at 483-84. Instead, we instructed the district court to perform a more limited task--namely, to determine who is entitled to possess the document such that the parties are restored, as closely as possible, to the status quo ante.[3] See id. And, as the district court recognized, the record shows conclusively that unlike Pratt, the State's assignor, Matthews never possessed the document.[4] See, e.g., J.A. 672, 710 (deposition testimony by Matthews that he "played a passive role" in the document venture and "never had possession of the document"); id. at 1465 (filing by Matthews on remand stating that "[t]he understanding between Matthews and Pratt was that they would each own a 50% share of the document, and that Pratt would possess the document"). Moreover, nothing in the district court order returning the document to the State prevents

---

[3]In its order on remand, the district court discussed the right of possession issue in terms of a motion for return of property, see Fed. R. Crim. P. 41(g), apparently because the State filed such a motion on remand. We believe, however, that the State's motion and the discussion by the district court of that motion were unnecessary, as our prior opinion directed the district court (if it chose to restore the pre-seizure status quo ante) simply to determine to whom the document should be returned, see Matthews, 395 F.3d at 483. In any event, the discussion by the district court relating to the motion did not affect its ultimate determination of who is entitled to possess the document.

[4]We reject Matthews' arguments that the existing record was insufficiently developed to resolve this and other issues and that the district court improperly denied him the opportunity to conduct further discovery and to present additional evidence.

8

Matthews from litigating, in other proceedings, his claim that he owns the document and thus is entitled to permanent possession. See id. at 1686 ("This Order does not affect the parties' ownership claims."); see also Matthews, 395 F.3d at 484.

## III.

For the reasons set forth above, we affirm the judgment of the district court.

AFFIRMED